**FILED**
August 18, 2023 09:29 AM
ST-2011-CV-00765
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

SHEFI DIAMONDS, INC.,        )
       )
            Plaintiff,        )     CASE NO. ST-11-CV-765
       )
    v.        )     ACTION FOR DEBT, BREACH OF
       )     CONTRACT, VIOLATION OF
SAKER SHALHOUT, HARUBY, INC. d/b/a   )     UNIFORM FRAUDULENT
H & S JEWELERS, CAROLINA HUSSEIN d/b/a )   CONVEYANCES ACT,
HOUSE OF SAVINGS OUTLET, BELLA      )     VIOLATION OF CRIMINALLY
JEWELERS, LLC d/b/a BELLA JEWELERS,    )     INFLUENCED CORRUPT
MAYA COLLECTIONS, LLC d/b/a MAYA     )     ORGANIZATIONS ACT, FRAUD,
JEWELERS, and MUHAREB ENTERPRISES,    )     MISREPRESENTATION, AND
INC. d/b/a H & S JEWELERS,        )     UNJUST ENRICHMENT
       )
            Defendants.      )     **Cite as 2023 VI Super 50**
_____)

**FOR PUBLICATION**

**MEMORANDUM OPINION**

¶1.   **THIS MATTER** is before the Court upon Defendant Maya Collections, LLC, d/b/a Maya Jewelers' ("Maya Collections") "Motion to Dismiss for Failure to Prosecute" filed on June 13, 2023, on the grounds that Plaintiff Shefi Diamonds, Inc. ("Plaintiff" or "Shefi Diamonds") has failed to prosecute the suit in a timely manner. Defendants Shaker Shalhout ("Shalhout"), Haruby, Inc. d/b/a H & S Jewelers ("H & S Jewelers"), Carolina Hussein d/b/a House of Savings Outlet ("House of Savings"), Bella Jewelers, LLC d/b/a Bella Jewelers ("Bella Jewelers"), and Muhareb Enterprises, Inc., d/b/a H & S Jewelers ("Muhareb Enterprises") have filed a notice of joinder in the motion to dismiss for failure to prosecute. For the reasons set forth below, the Court will grant the Defendants' motion.

## I.    BACKGROUND

¶2.    This case has been pending for over a decade. On December 28, 2011, Shefi Diamonds filed this lawsuit against the Defendants, claiming they owe $69,125.00 for jewelry ordered and received from Shefi Diamonds. In addition to Shefi Diamonds' claim for debt, the complaint seeks damages for breach of contract, fraud, misrepresentation, unjust enrichment, and violations of the Uniform Fraudulent Conveyances Act and the Criminally Influenced and Corrupt Organizations Act. After several motions to dismiss, Shefi Diamonds moved to amend the complaint. At a hearing held on April 11, 2013, the Court denied Defendants' motions to dismiss, granted Shefi Diamond's motion for leave to amend the complaint,[1] and ordered the Parties to file a proposed discovery scheduling order.  The Parties' joint scheduling order, with a discovery deadline of November 1, 2013, was approved by the Court on August 12, 2013.

¶3.    Between 2013 and 2016, the Parties conducted limited discovery. No depositions were noticed, and Plaintiff only served written discovery on Shalhout. At the Parties' request, the scheduling order deadlines were extended by the Court on April 8, 2016, May 16, 2016,[2] and October 4, 2016. The October 4, 2016, scheduling order required that the Parties complete discovery by January 30, 2017, and file dispositive motions by February 15, 2017.  On January 4, 2017, five years after filing its lawsuit, Shefi Diamonds, for the first time, served interrogatories and requests for production of documents on House of Savings, Bella Jewelers, Maya Collection, and H & S Jewelers.  Maya Collections served its first set of interrogatories on Shefi Diamonds on January 18, 2017. On January 25, 2017, Maya Collections and Shefi Diamonds jointly filed a

---

[1] The amended complaint merely clarified the specific claims brought against each defendant.
[2] The Court extended the discovery, motion, and mediation deadline by 70 days.

stipulation to extend the discovery deadline to February 13, 2017, and extend Shefi Diamonds' response to Maya Collections' request for admissions to January 27, 2017.[3] That same day, Defendants noticed the 30(b)(6) deposition of Shefi Diamonds for February 13, 2017.

¶4.     Shefi Diamonds failed to appear at its deposition on Monday, February 13, 2017. On February 10, 2017, less than one business day before the deposition, Shefi Diamonds' counsel informed Defendants that Shefi Diamonds' representative would not appear at the deposition. No legitimate excuse was provided for Shefi Diamonds' non-appearance, and Defendants refused to postpone or cancel the deposition. Defendants learned via an email from Shefi Diamonds' counsel addressed to the court reporter that Plaintiff had decided to travel to Curacao instead of attending his deposition. Defendants' counsel appeared at the deposition and placed on the record challenges scheduling Shefi Diamonds' deposition. Counsel emphasized that the Parties had agreed to a specific day, time, and location for the deposition and expressed their frustration with Shefi Diamonds' unexpected decision not to attend the deposition.

¶5.     On February 15, 2017, Maya Collections filed a motion for summary judgment, and the remaining Defendants filed a joint motion for summary judgment on February 16, 2017. No opposition response has been filed to the motions for summary judgment. On February 23, 2017, after the filing of the motions for summary judgment and after the close of discovery, Shefi Diamonds noticed the deposition of Shalhout and Maya Collections. In response to the notices of the deposition, on February 24, 2017, Maya Collections moved the Court to quash the notice of deposition of Maya Collections and dismiss Maya Collections as a party for Shefi Diamonds' repeated failure to comply with discovery deadlines. The remaining Defendants joined in Maya

---

[3] The stipulation was not signed by Defendants Shalhout, H & S Jewelers, House of Savings, Bella Jewelers and Muhareb Enterprises' counsel.

Collections' motions and moved for a protective order to prevent the depositions. Shefi Diamonds did not respond to any of the motions. On May 3, 2017, Maya Jewelers filed a motion to compel answers to its interrogatories after multiple requests to Shefi Diamonds' attorney seeking dates for a meet and confer went unanswered and after providing Shefi Diamonds' attorney with a Microsoft Word document of the Interrogatories to "expedite" the discovery process. On July 17, 2017, Maya Collections requested that the Court deem Maya Collections' motion for summary judgment conceded as Shefi Diamonds had failed to respond to its motion. Again, Shefi Diamonds did not respond to the motion. Recently, Defendants filed a joint request for a ruling on their motions for summary judgment and have moved the Court to dismiss the complaint due to Shefi Diamonds' failure to prosecute this matter.

¶6.    In response to the recent motions, Attorney Karen Bentz, Shefi Diamonds' counsel of record, asked the Court for a 60-day extension of time so that Shefi Diamonds may obtain new counsel and also request that the Court grant her pending motion to withdraw. On March 5, 2019, Attorney Bentz filed a motion to withdraw due to non-payment of fees, inability to reach Plaintiff, and Plaintiff's failure to participate in discovery. In addition to numerous emails, on June 6, 2017, and April 2, 2018, Attorney Bentz sent letters to Shefi Diamonds via email and registered mail, return receipt, informing it of her intention to withdraw as counsel due to lack of communication. Attorney Bentz's March 5, 2019, motion to withdraw was also served on Shefi Diamonds. In the four (4) years since Attorney Bentz has moved to withdraw as Shefi Diamonds's counsel, it has failed to retain substitute counsel in this matter. Attorney Bentz has informed the Court that she filed a lawsuit on April 19, 2022, in New York against Plaintiff to collect her outstanding attorney's fees.

## II.    STANDARD OF REVIEW

¶7.    Virgin Islands Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, the Supreme Court of the Virgin Islands has set forth that the Superior Court must analyze six factors known as the *Poulis factors* before dismissing a case for failure to prosecute. *Halliday v. Footlocker Specialty Inc.* 53 V.I. 505, 510 (2010). When considering a motion to dismiss for failure to prosecute, the Court must first consider the following: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Halliday v. Footlocker Specialty, Inc.*, 53 V.I. at 505 (citing *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

¶8.    Dismissing a complaint "for failure to prosecute is an extreme sanction which the trial court should be careful to avoid except where it can justify the dismissal after explicit consideration and weighing of all six *Halliday* factors." *Molloy v. Independence Blue Cross*, 56 V.I. 155, 187 (V.I. 2012). Unless the *Poulis* factors "strongly weigh" in favor of dismissal, a case may not be dismissed for failure to prosecute. *Halliday*, 53 V.I. at 511. It is not necessary that all factors weigh in favor of dismissal however, "the court must explicitly consider all six (6) factors, balance them and make express findings." *Molloy*, 56 V.I. at 186.

## III. ANALYSIS

### i. The Extent of the Party's Personal Responsibility

¶9. The assumption derived from *Poulis* is that a Plaintiff wants to pursue his claim. *Encarnacion v. Government of the Virgin Islands,* 2018 V.I. LEXIS 73, at *4 (V.I. Super. Ct. July 31, 2018). Here, Plaintiff filed a complaint nearly twelve years ago on December 12, 2012. After multiple amendments to the scheduling order, on October 4, 2016, this Court granted the Parties' joint discovery plan, providing the Parties with a deadline on January 30, 2017, to complete depositions. Shefi Diamonds delayed in scheduling its deposition and failed to appear at its deposition when it was scheduled. Counsel for Shalhout attempted to secure agreed-upon dates for Shefi Diamonds' deposition in November 2016, in advance of the discovery deadline. Shefi Diamonds, however, refused to conduct any deposition or to be deposed until after the parties had conducted mediation and stated that the deposition of Plaintiff was unnecessary and only being pursued in order to "harass" Plaintiff. After mediation, Shefi Diamonds further delayed the scheduling of its deposition. After constant and repeated requests for available dates for the mediation, Shefi Diamonds' counsel finally informed Defendants that Shefi Diamonds' representative would be in the Virgin Islands around February 12, 2017, so Defendants should plan to take the deposition within that week.

¶10. The Parties agreed to conduct Shefi Diamonds' deposition on February 13, 2017, after Attorney Bentz confirmed that Shefi Diamonds' representative "is coming for it", instructed Defendants' counsel to "go ahead and notice it" and requested that the deposition be conducted at Attorney Bentz's office. On January 25, 2017, Maya Collections filed a notice of Shefi Diamonds' 30(b)(6) deposition for Monday, February 13, 2017, at 9:30 a.m., at Attorney Bentz's office. Just

after 3:00 p.m. on Friday, February 10, 2017, Attorney Bentz emailed Defendants, informing them that Shefi Diamonds' representative "called today to say he cannot make the deposition on Monday." Based on an email from Shefi Diamonds' counsel to the court reporter, Defendants learned that Shefi Diamonds' representative had traveled to Curacao instead.[4] Shefi Diamonds provided no legitimate excuse for its failure to appear at the deposition. In Attorney Bentz's certification in support of the motion to withdraw, Attorney Bentz attributed responsibility to Shefi Diamonds for its failure to attend the deposition. In the certification, Attorney Bentz explains that:

5. In or about September 2016, Defense Counsel and I agreed to an extension of approximately four (4) months in discovery to permit completion of depositions due to difficulty scheduling them.

6. In January 2017, the Plaintiff requested represented that he would be in the Territory and available to undergo deposition on February 13, 2017. Based on that, I informed Defense Counsel that it was acceptable for him to Notice the Plaintiff's deposition for that date, which Defense Counsel did.

7. Approximately four (4) days before his February 13, 2017, deposition, the Plaintiff advised that he had changed his plans and would not be in the jurisdiction.

8. The Plaintiff did not appear at his scheduled deposition.[5]

These statements by Plaintiff's counsel squarely place the responsibility for the delays and noncompliance with this Court's rules and orders upon the Plaintiff.

¶11. Additionally, Plaintiff failed to respond to Maya Collections' interrogatories. On January 18, 2018, Maya Collections served its first set of interrogatories on Shefi Diamonds. Maya Collections further filed a motion to compel answers to its interrogatories on May 3, 2017, after multiple requests for dates to meet and confer went unanswered and after providing Shefi Diamonds' attorney with a Microsoft Word document of the interrogatories to speed up the discovery process. Yet, no response has been provided to the interrogatories. The proof of Shefi

---

[4] Hirawat Sanjay who at the time lived in New York is Shefi Diamonds' representative.

[5] March 5, 2019 Certification of Karin A. Bentz, Esq., In Support of Motion for Leave to Withdraw ¶5 -8.

Diamonds' personal responsibility is evident in Attorney Bentz's certification. Attorney Bentz explains that after the firm sent the interrogatories to Shefi Diamonds, numerous emails followed requesting that it responds to the interrogatories. Shefi Diamonds never provided draft responses to the interrogatories or made itself available to discuss answers to the interrogatories. Plaintiff did not take action despite the threat of losing counsel or court sanctions.

¶12.    Next, Plaintiff has not responded to the motions filed by Defendants since 2017.  Plaintiff has not responded to Defendants' motions for summary judgment, motion to quash the depositions of Shalhout and Maya Collections, motion for protective order to prevent the depositions of Defendants, motion to compel, motion to dismiss for failure to comply with discovery deadlines, and motion to dismiss for failure to prosecute. Plaintiff has done nothing to advance this case for more than six years.  Plaintiff's last action of note, in this case, is the noticing of Shalhout and Maya Collections' deposition in February 2017, several weeks after the court-ordered deadline to complete fact discovery.

¶13.    Shefi Diamonds' counsel's motion to withdraw bares the reasons behind the staggering inactivity in this case for years. Shefi Diamonds' failure to communicate with its attorney for years, refusal to respond to discovery, appear at its duly noticed deposition, pay its legal fees, and otherwise cooperate in facilitating the litigation has made it impossible for its counsel to litigate this case.  Even though Attorney Bentz moved to withdraw as Shefi Diamonds' counsel and has filed a lawsuit against Shefi Diamonds to recover attorney's fees and costs, Shefi Diamonds has not retained a new or substitute counsel to litigate this case. It is evident that Shefi Diamonds has no interest in prosecuting this case and apparently abandoned the lawsuit when it informed Attorney Bentz that it has "exhausted all means to pay" legal fees and the remaining legal fees

would have to come from Defendants' pocket, not Shefi Diamonds. As such, this factor weighs heavily in favor of dismissal.

### ii.          Prejudice to the Adversary

¶14.    Defendants have been prejudiced by Plaintiff's inordinate delay during the 12-year lifespan of this case. In *Molloy*, 56 V.I. at 189, 2012 (V.I. 2012), the Supreme Court explained that "[p]rejudice to the opposing party is generally demonstrated by either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior or increased difficulty in the opposing parties' ability to present or defend their claim(s) due to the improper behavior." A party is also prejudiced when a plaintiff's conduct "inherently impedes a defendant's ability to prepare effectively a full and complete trial strategy." *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292, (V.I. 2010). Moreover, "[w]ith the passage of time, evidence could be lost, memories could fade, and witnesses could disappear or become unavailable. As with any case, a lengthy delay will certainly make it more difficult for Defendants to defend against Plaintiff's claims." *Modeste v. Virgin Islands Police Dep't*, 2023 V.I. LEXIS 17, *12 (V.I. Super Ct. May 5, 2023).

¶15.    Undoubtedly, Defendants have incurred additional expense due to Shefi Diamonds' dilatory conduct. Shefi Diamonds deliberately waited until after the discovery deadline to agree to be deposed but failed to attend the scheduled deposition. Furthermore, Shefi Diamonds filed notices to depose Defendants after the close of discovery, despite Defendants offering to make their clients available for deposition before the deadline. Defendants' motions to quash the deposition of Shalhout and Maya Collections, for a protective order to prevent the deposition of Defendants beyond the discovery deadlines, to dismiss because of Shefi Diamonds' recurring noncompliance with discovery deadlines, to compel answers to interrogatories, and to dismiss for failure to

prosecute were all necessitated as a result of Plaintiff's repeated delays in prosecuting this case. Because of Shefi Diamonds' recalcitrant conduct, Defendants, in order to meet the dispositive motions deadline, had no choice but to file their motions for summary judgment without the benefit of Shefi Diamonds' deposition or its answers to interrogatories. This factor also weighs strongly in favor of dismissal.

### iii.     History of Dilatoriness

¶16.     Consistent delay in the prosecution of this matter supports a finding of a history of dilatoriness. *Modeste,* 2023 V.I. LEXIS 17, at *12 ("A history of dilatoriness is characterized by a consistent delay in the prosecution of this matter."). As outlined above, this case has a lengthy history of delays. Plaintiff filed this complaint on December 12, 2012. Even before 2017, the Plaintiff was slow to conduct discovery.[6] Between 2011 and 2016, no depositions were noticed and Plaintiff only served written discovery on Shalhout. Scheduling order deadlines were extended by the Court multiple times due to the failure to engage in meaningful discovery. The October 4, 2016, scheduling order required that the Parties complete discovery by January 30, 2017, and file dispositive motions by February 15, 2017. However, Shefi Diamonds failed to communicate with its attorney, respond to interrogatories, and appear at its deposition. On June 6, 2017, Shefi Diamonds' counsel expressed her frustration with Shefi Diamonds' lack of communication and failure to assist with responding to discovery requests by informing it that the law firm intends to file a motion to withdraw as its counsel. With no response forthcoming from Shefi Diamonds, Attorney Bentz sent another letter dated April 2, 2018, informing Plaintiff of the outstanding debt it has incurred with the law firm, reminding Plaintiff of the perils of its inaction, and warning it of

---

[6] In the Certification in Support of Motion for Leave to Withdraw, Attorney Bentz states at ¶4 that the "discovery process was slow at best."

the real possibility of this Court dismissing the lawsuit due to its failure to prosecute. Indifferent to the threat of sanctions, Plaintiff takes no action. On March 5, 2019, Attorney Bentz moved to withdraw as counsel for Plaintiff. It has been more than four years, and Plaintiff has not made any effort to pursue its case, reconcile with its counsel, or secure substitute counsel. When one combines Plaintiff's minimal activity over the last eleven (11) years and its complete failure to respond to Defendants' dispositive motions within the previous six (6) years, the Court finds a demonstrated history of dilatoriness that clearly favors the dismissal of this action.

iv.      **Whether the Conduct of Plaintiff or the Attorney was Willful or in Bad Faith**

¶17.   The record must provide specific evidence that justifies the determination of willfulness or bad faith; otherwise, the Court must conclude that the conduct was not willful, thus weighing this factor against dismissal. *Molloy* 56 V.I. at 192 (explaining that "the trial court must point to specific evidence to justify its determination of willfulness or bad faith."); *Encarnacion*, 2018 V.I. LEXIS 73, at *8. However, "[w]illful conduct, without a finding of bad faith, may still support a conclusion that dismissal for failure to prosecute is warranted." *Virgin Islands Taxi Association v. Virgin Islands Port Authority*, 67 V.I. 643, 698-699 (V.I. 2017). "Willful conduct that justifies dismissal is conduct that is deliberate and contumacious and that involves intentional or self-serving behavior." *Id.*

¶18.   Instances of Shefi Diamonds' bad faith, or, at a minimum, willful contumacious conduct, are evident on the record before the Court. Shefi Diamonds deliberately delayed agreeing to a date for its deposition, baselessly accused Defendants of harassment merely because they demanded dates for Plaintiff's deposition, reluctantly agreed to a date for its deposition, and then, at the last minute, refused to appear at the deposition without any explanation. Shefi Diamonds failed to conduct any deposition during the extended discovery period and then unilaterally noticed the

deposition of Defendants after the close of discovery, refused to meet and confer regarding its failure to respond to discovery, and failed to respond to the dispositive motions filed by Defendants. Despite Shefi Diamonds' counsel warning that Shefi Diamonds may be subject to sanctions from the Court or other adverse repercussions, including dismissal of the lawsuit for failure to prosecute, Shefi Diamonds refused to respond to its counsel's numerous emails and letters requesting its cooperation. This factor weighs in favor of dismissal.

### v.        **Availability of Alternative Sanctions**

¶19. Dismissal is a sanction of last resort; thus, when an effective alternative is appropriate, the Court must consider it. *Watts,* 54 V.I. at 294. Plaintiff's persistent disregard for the rules and orders of the Court and inaction over the years have shown that no other sanction short of dismissal would be appropriate in this instance. Shefi Diamonds has not responded to Defendants' motion for sanctions against it or barring it from taking specific actions, including motion to quash depositions, motion for a protective order, motion to compel responses to discovery, motion to dismiss for failure to comply with discovery deadlines, and motion to dismiss for failure to prosecute. Neither has Shefi Diamonds responded to Defendants' motion for summary judgment, which is based, in part, on Shefi Diamonds' failure to timely respond to requests for admissions, leading to the requests being deemed admitted. Unrelenting in its obstinacy, Plaintiff took no meaningful action in this matter for six years and became uncommunicative even when Plaintiff's counsel cautioned that it could be sanctioned, and the case could be dismissed. A trial court has the inherent power to dismiss a case for want of prosecution to prevent undue delays in the disposition of pending cases and to avoid congestion of the Court's docket. *Virgin Islands Water and Power Authority v. Virgin Islands Telephone Corp.,* 18 V.I. 451, 453 (D.V.I. 1981). Here, Plaintiff has failed to exhibit any interest in progressing this case. In light of Plaintiff's history of

flagrant dilatoriness, repeated noncompliance with the rules and orders of the Court, nonresponse to its counsel's communications, and inactivity for years, dismissal is warranted. A lesser sanction would not be effective at this juncture and would lead to more undue delay in the disposition of this case. Hence, this factor weighs towards dismissal.

vi.     **Meritoriousness of Plaintiff's Claim**

¶20.  "A claim will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by Plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70.  Here, Defendant alleges that Plaintiff's four-count claim is non-meritorious and lacks factual foundation. Defendant also notes that Plaintiff failed to produce evidence supporting its allegations. Maya Collections claims that "the only 'evidence' that any party has been able to produce in this litigation has been a series of computer generated printouts of alleged invoices and copies of checks written by H & S Jewelers, a co-defendant of Plaintiff. None of these documents however depict any distribution of merchandise to Maya Collections from either Plaintiff or any of the defendants."[7]  Whether Plaintiff would be successful against all defendants on all counts if this matter goes to trial is doubtful.  Arguably, Plaintiff could succeed at trial on some counts against some Defendants. However, if the Court were to accept Defendants' contention that Defendants' request for admissions should be deemed admitted as a result of Plaintiff's failure to timely respond to Defendants' requests for admissions, this would likely foreclose Shefi Diamonds from prevailing on the merits. *Carroll v. Sharkey*, 2020 VI SUPER 10U, 18, 2020 V.I. Lexis 105 at *6 (Super. Ct. V.I.  Jan. 21, 2020) (holding that the plaintiff's failure to respond defendant's

---

[7] Defendant Maya Collections' Motion to Dismiss for Failure to Prosecute at 12.

requests for admissions effectively eliminated any likelihood of his prevailing on the merits).

Therefore, this factor tips in favor of dismissal.


## IV. CONCLUSION

¶21.    In weighing all six *Poulis* factors to determine if the extreme sanction of dismissal is

suitable, the Court finds that all factors weigh in favor of dismissal. Five of the six factors weigh

heavily in favor of dismissal, and one factor weighs slightly in favor of dismissal. In light of the

Court's findings, the Court will grant Defendants' motion to dismiss for failure to prosecute and

deny all pending motions as moot.  An Order consistent with this Opinion shall follow.


Dated: August ___, 2023

**Carol Thomas-Jacobs**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
Tamara Charles
 Clerk of the Court


By: _____
    Donna D. Donovan
    Court Clerk Supervisor 8 / 21 / 2023